Filed 9/7/16  P. v. Nicholson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELDRED ANDRE NICHOLSON,<br><br>    Defendant and Appellant. | F070990<br><br>(Super. Ct. No. 14CM7411)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Franson, J. and Peña, J.

Appointed counsel for defendant Eldred Andre Nicholson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record.  Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On December 11, 2014, defendant pled no contest to three counts of battery on a correctional officer (Pen. Code, § 4501.5).[1]  His five prior strike allegations were dismissed.  The trial court sentenced him to five years in prison:  the middle term of three years on count 1, plus one year each for counts 2 and 3.  The court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)); a suspended $300 parole revocation fine (§ 1202.45); a $40 court operations assessment fine (§ 1465.8, subd. (a)(1)); and a $30 conviction assessment fine (Gov. Code, § 70373).  The court waived the restitution fines on counts 2 and 3, and imposed only a $40 court operations assessment fine (§ 1465.8, subd. (a)(1)) and a $30 conviction assessment fine (Gov. Code, § 70373) on each count.

On January 28, 2015, defendant filed a notice of appeal.  The trial court granted his request for a certificate of probable cause.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## <u>DISPOSITION</u>

The judgment is affirmed.